**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4466**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JALLANI JEWELS STEWART,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:21-cr-00136-BO-2)

_____

Submitted:  August 24, 2023                                   Decided:  August 28, 2023

_____

Before QUATTLEBAUM and HEYTENS, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Michelle A. Liguori, ELLIS & WINTERS, LLP, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Jaren E. Kelly, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jallani Jewels Stewart appeals the criminal judgment imposed after he pled guilty, pursuant to a plea agreement, to conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344, 1349, and was sentenced to 57 months in prison. On appeal, counsel asserts that (1) a letter Stewart filed after the district court entered judgment should have been construed as a timely notice of appeal; and (2) counsel rendered ineffective assistance by failing to request at sentencing that Stewart's federal sentence run concurrent with a five-year state sentence imposed on unrelated charges. The Government has declined to move to dismiss Stewart's appeal as untimely and, thus, Stewart's ineffective assistance claim is the only issue before us on appeal. *See United States v. Marsh*, 944 F.3d 524, 529 (4th Cir. 2019) (recognizing that Fed. R. App. P. 4(b) "is a nonjurisdictional claim-processing rule" that "may be waived or forfeited"). We affirm.

It is well established that ineffective assistance of counsel claims are not generally cognizable on direct appeal unless ineffective assistance "conclusively appears" on the record. *United States v. Baldovinos*, 434 F.3d 233, 239 (4th Cir. 2006). To establish an ineffective assistance of counsel claim, a defendant must show that his counsel erred and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). We have considered Stewart's arguments in conjunction with the record on appeal and conclude that ineffective assistance does not conclusively appear on the record. *See, e.g., Lovitt v. True*, 403 F.3d 171, 179 (4th Cir. 2005) ("In many cases, counsel's decision not to pursue a particular approach at sentencing reflects not

2

incompetence, but rather a sound strategic choice."). Stewart's ineffective assistance of counsel claims should therefore be raised, if at all, in a 28 U.S.C. § 2255 motion.[*] *See United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020).

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We express no opinion as to the merits of Stewart's ineffective assistance of counsel claim.